

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Department of Agriculture
Austin, Texas

Gentlemen:    Attention of Charles E. Baughman

Opinion No. O-1911
Re: May the Department of Agriculture
use the fees collected by virtue
of Article 5695, Vernon's Civil
Annotated Statutes and other sta-
tutes mentioned in the special
rider placed at the end of the
Appropriation Bill for the Agri-
culture Department to pay trans-
portation expenses of weight and
measures equipment and other nec-
essary expenses as mentioned here-
in?

Your request for an opinion of this department
on the above stated question has been received.

We quote from your letter as follows:

"In the administration of Article 5695
R. C. S. 1925 and Chapter 287 Acts of the
Regular Session 42nd Legislature, the Commis-
sioner of Agriculture is charged with the
responsibility of carefully and accurately
testing all scales, weights, beams and mea-
sures used by public weighers, deputy public
weighers and licensed milk and cream testers.
This responsibility being in addition to cer-
tain other inspections and investigations
necessary to the enforcement of said acts.

"The fee of $5.00 collected from public
weighers and deputy public weighers is to pay
for the inspection and test of said scales,
weights and measures and the fee must be col-
lected by the Commissioner before the requir-
ed Certificate of Authority is delivered to
the public weigher or deputy public weigher;

Department of Agriculture, Page 2

therefore, the inspection and test of the scales, weights and measures must come first, then the collection of the fee and later the issuance of the required Certificate of Authority, which must be obtained by all public weighers and deputy public weighers in this State; likewise a complete examination and test of the equipment used by licensed milk and cream testers must be made during the course of the investigation.

"In order to make the above mentioned tests, heavy test weights and cumbersome equipment is essential; in fact, a large number of 50 pound, 500 pound and 2500 pound test weights are employed in tests, making the use of two large 3-1/2 ton trucks and several cars and trailers, necessary for the transportation of these heavy test weights and equipment; also the two large trucks are equipped with individual power plants, driven by gasoline motors, which furnish the power for unloading and loading the weights and moving them about on the platform of the scale. The transportation, maintenance and care of this equipment is absolutely necessary in the performance of these duties, otherwise it would be impossible for a person to comply with the law. Naturally, there is an expense incurred in the transportation, maintenance and care of this equipment; such as, gasoline, oil, truck, trailer and car repairs, parts and repairs to the testing equipment proper, and rooms and meals for the drivers of this equipment.

"The completed appropriation bill does not provide a specific item for defraying this necessary expense, and the only provision in the bill for its payment is in the special rider placed at the end of the appropriation for this Department, which makes a lump sum appropriation of all fees collected

Department of Agriculture, Page 3

by virtue of the above mentioned Acts, for the enforcement of same.  Therefore you will please advise if the Department of Agriculture, in meeting the responsibilities imposed upon the Commissioner by the provisions of Article 5695 R. C. S. 1925 and Chapter 287 Acts of the 42nd Legislature, has the Authority to use a portion of the lump sum appropriation, made in the special rider of the appropriation bill, to meet the above mentioned and similar necessary expenses."

In the appropriation made by the Legislature in Senate Bill No. 427, Acts Regular Session, 46th Legislature, for the Agricultural Department under the general heading "Weights and Measures Division" appears the following:

"36. Chief of Division.................2,700.00    2,700.00
37. Inspector of weights and measures..1,800.00    1,800.00
38. Inspector of weights and measures..1,800.00    1,800.00
39. Inspector of weights and measures..1,800.00    1,800.00
40. Inspector of weights and measures..1,800.00    1,800.00
41. Inspector of weights and measures..1,800.00    1,800.00
42. Inspector of weights and measures..1,800.00    1,800.00
43. Inspector of weights and measures..1,800.00    1,800.00
44. Inspector of weights and measures..1,800.00    1,800.00
45. Inspector of weights and measures..1,800.00    1,800.00
46. Inspector of weights and measures..1,800.00    1,800.00
47. Inspector for testing butter fat
       in milk and cream...............1,800.00    1,800.00
48. Inspector for testing butter fat
       in milk and cream...............1,800.00    1,800.00
49. Inspector for testing butter fat
       in milk and cream...............1,800.00    1,800.00
50. Salaries and other expenses in the
       weights and measures fee fund,
       Article 5695, Revised Civil Sta-
       tutes, 1925, Chap. 288, Regular
       Session Forty-second Legislature.
50a.Rent, heat, light, postage, tele-
       phone, telegraph, printing sup-
       plies and Contingent.............1,500.00    1,500.00
50b.Bookkeeper and office deputy.......1,500.00    1,500.00
50c.Traveling expenses.................3,000.00    3,000.00"

Department of Agriculture, Page 4


(The Governor vetoed Items 50b and 50c)

The special rider appended to the Appropriation for the Department of Agriculture reads in part as follows:

"For each of the fiscal years ending August 31, 1940 and August 31, 1941, all fees and/or unexpended balances which have been received and which may be received by virtue of Chapter 7, Article 153, Revised Civil Statutes, 1925; Chapter 3 of Title 4, Revised Civil Statutes, 1925; Article 5764, Revised Civil Statutes, 1925; Article 5695, Revised Civil Statutes, 1925; Chapter 287, Regular Session, Forty-second Legislature; Chapter 304, Regular Session Forty-first Legislature and House Bill No. 12, First Called Session, Forty-fifth Legislature and any amendments to any of said acts are hereby appropriated, after they shall have been deposited in the State Treasury, to the Department of Agriculture to be used by said Department for the enforcement of the above-mentioned Acts and for the operation and maintenance of said activities as hereinabove specifically itemized and in no event shall any of these fees be used otherwise."

The answer to your question is controlled by what we have already said to you concerning similar appropriations and vetoes of the Governor, in our opinions Nos. 0-954 and 0-1687.

We quote from our opinion No. 0-1687, above referred to as follows:

"The special rider quoted in your letter, also quoted above, does not purport to make these fees available to the Department of Agriculture generally to be used for the enforcement of the Acts under which they are collected and for the operation and maintenance of such activities, but appropriates said fees restrictively,

Department of Agriculture, Page 5

with the limitation that they may be used by
the Department of Agriculture for the opera-
tion and maintenance of said activities and
the enforcement of the Acts under which they
are collected 'as hereinabove specifically
itemized and in no event shall any of these
fees be used otherwise.' It follows that
these fees are not available to the Depart-
ment generally, but are available only to de-
fray the items of expenses to which they are
appropriated as specifically itemized in the
Act as it appeared when it became the law of
the State of Texas, which was not until it
had been approved by the Governor. The Govér-
nor's veto of such specific items indicated
above was fully effective to eliminate these
items from the appropriation bill, and there-
fore to limit the authority to expend these
funds accordingly."

It follows from what we have said above that your
question must be answered in the negative.

Trusting that the foregoing fully answers your
inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:AW          APPROVED FEB 12, 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN